CHARLES DISHNO, RESPONDENT, v. OWEN REYNOLDS, APPELLANT.

*Admissibility, on an issue as to a payment having been made, of evidence tending to show that the party had money from which the payment might have been made.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover $700 and interest, alleged to have been paid in excess of the amount due to the defendant on a bond and mortgage given to him by plaintiff.

The court at General Term said : " The first exception to which our attention is called is the evidence of Fuller, showing that in October or November, 1871, he paid the plaintiff $2,200 in currency in packages.   The bond and mortgage was given by plaintiff in February, 1872, and this evidence was offered to show that plaintiff had the money with which the payment by him to defendant might have been made.   Undoubtedly such evidence is not very cogent, but it is a fact which, in the judgment of jurors, may aid them in arriving at the probable truth.   In all cases the jury have the right to know the antecedents of the parties, their position and conduct, and not unfrequently the knowledge of such circumstances, though slight in themselves, may resolve all doubt. Such evidence has been often admitted.   At a late term of this court it was held in *Bacon* v. *Frisbie*, that evidence of the value of a farm might be given to affect the probabilities of making the contract claimed to exist in that case.   In *Burlew* v. *Hubbell* (1 N. Y. S. C. [1 T. & C.], 235) evidence of a similar character was admitted, not because it bore directly upon the issue, but because it tended to rebut a presumption arising from other evidence in the case. Similar instances may be found in *Pomeroy* v. *Pierce* (5 Hun, 119; *Read* v. *Smith*, 1 id., 263; *Thorn* v. *Hilmer*, 4 Abb. Ct. of App. Cases, 408.)   The solvency of a party was proved in *Moore* v. *Meacham* (10 N. Y., 207, 211), in support of a claim that a purchase was made on his account.   It was held no error.

See, also, *Harris* v. *Wade* (61 N. Y., 630), as to insolvency of a person not a party, the object being to show that the contract was not made with him. The following cases are also cited by plaintiff's counsel, but I have not the means of verifying them. (*Garnier* v. *Renner*, 51 Ind., 372; *Strong* v. *Slicer*, 35 Verm., 40; *Baker* v. *Stone*, 36 Mo., 301.) Evidence in criminal cases is admitted to show that the prisoner had the means of committing the crime. (*People* v. *Larned*, 7 N. Y., 445; *People* v. *Myers*, 2 Hun, 6.)"

*Robert S. Hale*, for the appellant.  *Waldo & Grover*, for the respondent.

Opinion by BOARDMAN, J.; LEARNED, P, J., and BOCKES, J., concurred.

Judgment affirmed with costs.